IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JARED M.,**
**Petitioner Below, Petitioner**

**FILED**
**April 4, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)**    **No. 23-ICA-271**    (Fam. Ct. Monongalia Cnty. No. 13-D-528)

**MOLLY A.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jared M.[1] appeals the Family Court of Monongalia County's "Final Order Modifying Parenting Plan" entered on May 25, 2023. In that order, the family court modified the parenting arrangement to reflect a 50-50 custodial allocation. Respondent Molly A. filed a response in support of the family court's decision.[2] Jared M. filed a reply.[3]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were never married and share one child, E.M., who was born in February of 2012. In September of 2013, the child was diagnosed with a brain tumor which was surgically removed, along with her pituitary gland, resulting in the requirement of medication and constant caretaking. In December of 2013, the parties separated and ceased cohabitating.

On September 14, 2014, when the child was approximately two years and eight months old, the parties entered into an agreed parenting plan that designated Molly A. as the child's custodian and primary parent. This arrangement meant that Molly A. had the child approximately seventy percent of the time during a given two-week period. At that time, Jared M. was working full-time, and Molly A. was unemployed. The parenting plan gave Molly A. primary responsibility for coordinating and scheduling the child's medical appointments and designated her as the "primary contact" for the child's medical providers.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g*., W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Jared M. is self-represented. Molly A. is represented by Alyson A. Dotson, Esq.

[3] Oral Argument was held on March 13, 2024 pursuant to Rule 19 of the West Virginia Rules of Appellate Procedure (2022).

1

The family court approved the parenting plan in November of 2014 and ordered Jared M. to pay monthly child support.

In December of 2017, Jared M. filed a petition to modify the parenting plan, alleging that circumstances had substantially changed due to Molly A. becoming employed, his job change, the child's age and enrollment in kindergarten, and Molly A.'s regular use of babysitters other than grandparents for childcare. He further alleged that his income had declined. Accordingly, Jared M. sought 50-50 parenting time, a modification of child support, and a new babysitting rule that would require the parent with physical custody who was required to be absent to allow the other parent to babysit in lieu of the grandmothers. The family court conducted an evidentiary hearing in October of 2018. In January of 2019, the family court bifurcated the request to modify child support and denied the request to modify the parenting plan. As for the modification request, the family court found no substantial change in circumstances. However, the family court did modify the parenting plan's babysitting rule to provide that each parent must be offered the right to care for the child whenever the other parent is away for more than 24 hours and to include a memorandum of understanding between the parties that resulted from mediation. Subject to these modifications, the parenting plan was ratified and confirmed.

Following entry of the final order, Molly A. renewed a prior motion for attorney fees. After a further hearing, the family court entered a February 2019 final modification order awarding Mother $5,000 in attorney fees. The family court explained that "it should have been clear to . . . [Father] that there was no substantial change in circumstances to warrant a modification of the parenting plan . . . ." Jared M. separately appealed both orders to the circuit court, and after consolidating the appeals, the circuit court affirmed the family court's orders ratifying and confirming the parenting plan and awarding Molly A.'s attorney fees in a February 26, 2021, order.[4] Also in February of 2021, the family court entered a separate order on the bifurcated issue of child support, modifying Jared M.'s support amount to zero.

Jared M. appealed the circuit court's February 26, 2021, order affirming the family court's January 2019 order to the Supreme Court of Appeals of West Virginia ("SCAWV"), where the order was reversed and remanded. In a signed opinion, the SCAWV reversed the family court, finding that a substantial change in circumstances

---

[4] By Memorandum Decision issued on December 7, 2020, the Supreme Court of Appeals of West Virginia remanded the case to the Monongalia County Circuit Court with instructions to enter a new order containing findings of fact and conclusions of law sufficient to allow meaningful appellate review. On February 26, 2021, the Circuit Court entered an Amended Order. In its decision, the Circuit Court enumerated the findings of fact and conclusions of law supporting its decision to uphold the Family Court's Order of January 16, 2019.

warranting modification had occurred. *See Jared M. v. Molly A.*, 246 W. Va. 556, 564, 874 S.E.2d 358, 366 (2022). On remand, the SCAWV directed the family court to conduct an analysis of whether the substantial change of circumstances present in this case renders a modification of the parenting plan necessary to serve the best interests of the child, and to make appropriate findings regarding such analysis. *See id.*

On remand, the family court held a final hearing on Jared M.'s petition for modification on the 14th, 22nd, and 31st days of March 2023. While noting that Jared M. was the petitioner in this proceeding, the family court allowed Molly A. to present her case first as she bore the burden to rebut the 50-50 custodial presumption since she was the only party to oppose the 50-50 custodial presumption. The court allowed Jared M. to respond. Molly A. was given the opportunity to submit final rebuttal evidence. The court overruled Jared M.'s objection to this procedure. On May 25, 2023, the family court entered its final order, finding that Molly A. had failed to rebut the presumption and granted a 50-50 custodial allocation. Additionally, the court included a provision regarding the financial support of the child, specifically citing that the child support would not be addressed or further modified but inviting each party to file a separate motion to modify. Jared M. now appeals.

For these matters, our standard of review is as follows:

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Jared M. asserts that the family court erred by only analyzing Molly A.'s evidence to determine whether the 50-50 presumption was rebutted instead of analyzing both parties' relevant evidence and conducting a complete analysis as to whether either party rebutted the presumption. Relying on the factors contained in West Virginia Code § 48-9-209, Jared M. argues the court failed to consider evidence suggesting parental alienation. We disagree. The family court considered all evidence presented by both parties and made the determination that Molly A. failed to rebut the presumption that 50-50 custody is in the best interest of the child. While Jared M. was free to testify and put forth any parenting plan which he believed to be in the best interest of the child, he chose to

3

present a plan requesting a 50-50 custodial allocation.[5] Jared M. testified that he sought a 50-50 allocation. On appeal, Jared M. has appeared before this Court to request something he never requested below. Jared M. never argued for a determination of parental alienation, nor did he testify that a 50-50 custodial allocation was not in the best interest of the child. To the contrary, Jared M. stated that he believed the 50-50 allocation was reasonable and fair.[6] Accordingly, Jared M. has waived any argument on appeal to urge this Court to depart from the 50-50 allocation he sought below.[7] The Supreme Court of Appeals of West Virginia has clearly stated that "'[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W. Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009).

Lastly, Jared M. argues that the family court erred by refusing to address child support and the child's medical insurance as it pertains to "support" upon remand. This appeal arises from remanded proceedings wherein the SCAWV directed the family court to conduct an analysis of whether a modification of the parenting plan was in the child's best interest. The issue of child support was not remanded to the family court and was not pending before the court during the remand proceedings. Upon review of the record, the family court bifurcated Jared M.'s Petition for Modification of child custody and child support in its January 2019 order. In February of 2021, the family court ruled upon Jared M.'s motion for child support modification, effectively reducing the amount of child support to zero. West Virginia Code § 48-9-205(c)(4) (2022) requires every final order which makes an allocation of custodial responsibility to include a provision for financial support of the child. Reviewing the May 25, 2023, order, we find the family court stated that the existing support would not be modified. Thus, such a provision was made within the meaning of that statute. Both parties were invited in the order to file a motion to modify child support if they desired. No party has done so at this time. Therefore, we find this assignment to be without merit.

Accordingly, we affirm the family court's May 25, 2023, order.

Affirmed.

---

[5] Jared M. filed a proposed parenting plan specifically requesting 50-50 custody, consistent with the presumption that such is in the best interest of the child, and never sought to amend his request to ask for anything other than 50-50 custody.

[6] Jared M. acknowledged at the March 13, 2024 oral argument before this Court that he received the outcome that he requested from the family court below.

[7] Jared M., by counsel, did object to the procedural posture of the family court's trial below, specifically counsel objected to Jared M. not being permitted the final rebuttal since he was the petitioner. However, this procedural objection does not preserve an argument for more custodial time than what Jared M. requested, and ultimately received.

**ISSUED:  April 4, 2024**

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear